**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KING TORRES and ESTHER HUERTA, on Behalf of Themselves and all Others Similarly Situated, § § § § § Plaintiffs, § § v. § § AIR RESOURCES AMERICAS LLC, § § Defendant. § § § § | Civil Action No. 4:19-cv-00526 COLLECTIVE ACTION |

**PLAINTIFFS' ORIGINAL COMPLAINT**

To The Honorable United States District Court:

Plaintiffs King Torres and Esther Huerta ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint against Air Resources Americas LLC ("Defendant" or "Air Resources") and in support thereof would show as follows:

**I. INTRODUCTION**

1.1   Air Resources operates with the function of placing employees in the energy, process and infrastructure industries. Air Resources manages these same employees at the various projects where it assigns them to work. They are employees of Air Resources.

1.2   Plaintiffs are former and current non-exempt employees of Air Resources, who were paid on an hourly basis by Defendant. Plaintiffs worked more than forty (40) hours in a work week for Defendant, but were not paid the overtime rate of pay. Plaintiffs were not compensated on a salary basis.

1.3   Air Resources does not compensate its non-exempt employees at a rate of time and

a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a workweek. Instead, Air Resources has a written policy and/or implemented practice of paying its non-exempt employees for overtime hours at their regular rate of pay.

1.4     Air Resources accomplished this underpayment through two principal mechanisms. First, it paid its non-exempt employees at their regular hourly rate of pay for all hours worked in excess of forty (40) hours in a work week. Second, it paid its non-exempt employees a daily rate without time and a half overtime for all hours worked in excess of forty (40) hours in a workweek.

1.5     Therefore, Plaintiffs bring this action as a nationwide FLSA collective action on behalf of the following classes: (1) All of Air Resources' current and former workers throughout the United States who were paid an hourly rate without time-and-a-half overtime in the last three years (the "Hourly Class Members"); (2) All of Air Resources' current and former workers throughout the United States who were paid a day rate without overtime in the last three years (the "Day Rate Class Members"). Workers such as Plaintiff Torres were paid on an hourly basis without overtime. Workers such as Plaintiff Huerta were paid a daily rate without overtime.

1.6     Plaintiffs bring this action individually and on behalf of all current and former non-exempt employees who worked for Defendant nationwide in the three years preceding the filing of this lawsuit. Plaintiffs seek to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## II. PARTIES

**A.     PLAINTIFFS**

2.1   Within the last three years, King Torres was employed by Defendant within the meaning of the FLSA as a non-exempt employee in Texas.  Mr. Torres' Notice of Consent is attached hereto and is being filed herewith.

2.2   Within the last three years, Esther Huerta was employed by Defendant within the meaning of the FLSA as a non-exempt employee in Texas.  Mrs. Huerta's Notice of Consent is attached hereto and is being filed herewith.

2.3   The collective action members are all current and former non-exempt employees who worked for Air Resources nationwide during the three-year period preceding the filing of this Complaint through the present.  Like Plaintiffs, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant as required by 29 U.S.C. § 207.  These collective action members are referred to as "similarly situated."

**B.   DEFENDANT**

2.8   Air Resources Americas, LLC is a foreign limited liability company that does business in the State of Texas and Houston.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas.  Pursuant to TEX CIV. PRAC. REM. CODE § 17.023(b), Air Resources may be served with Summons and this Complaint through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.9   Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.10   At all relevant times to this action, Defendant was the employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.11 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

### III. JURISDICTION AND VENUE

3.1 Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2 Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because, among other reasons, Defendant is a resident of and is doing business in this District.

### IV. FACTUAL BACKGROUND

4.1 Air Resources operates with the function of placing employees in the energy, process and infrastructure industries.

4.2 Air Resources manages these same employees at the various projects where it assigns them to work. They are employees of Air Resources.

4.3 The employees execute Employment Agreements with Defendant and are identified as employees of Air Resources in their Employment Agreements with Defendant.

4.4 Plaintiffs are former and current non-exempt employees of Air Resources.

4.5 Plaintiff King Torres was placed by Air Resources to perform work at ExxonMobil Chemical Company in Mont Belvieu, Texas and was given the job title of SHES Manager by Defendant.

4.6 Mr. Torres executed an Employment Agreement with Air Resources.

4.7     Plaintiff Esther Huerta was placed by Air Resources to perform work at ExxonMobil Chemical Company in Mont Belvieu, Texas and was given the job title of SHES Data Analyst by Defendant.

4.8     Mrs. Huerta executed an Employment Agreement with Air Resources.

4.9     The primary job duty of each Plaintiff was to assist in implementing and applying ExxonMobil Chemical Company's safety manual under the direct supervision of, and subject to the policies and protocol of, Air Resources.

4.10    Air Resources controlled the hours to be worked by Plaintiffs.

4.11    Air Resources directed the work to be performed by Plaintiffs.

4.12    Air Resources maintained constant communication with Plaintiffs while Plaintiffs performed work at ExxonMobil Chemical Company.

4.13    Each Plaintiff was treated and held out by Air Resources as an employee of Defendant and each Plaintiff performed job duties which reflected such status.

**A.  Time Period One: Straight Time for Hours Worked Over Forty ("Hourly Class Members")**

4.14    Plaintiffs were paid on an hourly basis by Defendant.

4.15    Plaintiffs' timesheets reflect that each Plaintiff regularly worked more than forty (40) hours per work week.

4.16    Although Defendant required Plaintiffs to work more than forty (40) hours per work week, Defendant did not compensate Plaintiffs at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, Defendant did not compensate Plaintiffs for overtime hours at the appropriate rate.

4.17    By way of example only, during the pay period of July 18, 2016 to July 31, 2016, Plaintiff King Torres worked 93.0 hours.  This is reflected in Mr. Torres's Earning Statement for

that pay period. Mr. Torres's Earning Statement for that pay period reflects that Defendant did not compensate Mr. Torres at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week. Instead, for his overtime hours, Air Resources paid Mr. Torres his regular rate of pay.

4.18   Plaintiffs were not compensated on a salary basis.

4.19   No FLSA exemption applies to hourly-paid employees who performed the job duties of Plaintiffs.

4.20   Plaintiffs were nonexempt employees entitled to overtime wages under the FLSA.

4.21   During the relevant period, Defendant has been subject to the requirements of the FLSA.

4.22   Defendant failed to comply with the FLSA in that Plaintiffs performed services for Defendant, and they were not properly compensated for those hours worked in excess of forty (40) hours within a work week. Plaintiffs were not paid at one and one-half of their regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.23   Defendant also failed to include nondiscretionary bonuses in its calculation of Plaintiffs' regular rate of pay.

4.24   The non-discretionary bonuses paid to Plaintiffs must be included in the computation of Plaintiffs' regular hourly rate of pay and overtime compensation under the FLSA. 29 C.F.R. § 778.209(a). Defendant's failure to account for these bonuses also constitutes a violation of the FLSA.

**B.   Time Period Two: Day Rate Without Time-and-a-Half for Hours Worked Over Forty ("Day Rate Class Members")**

4.25   On approximately August 2016, Defendant changed its policy to compensating Plaintiffs a day rate.

4.26     Plaintiffs' timesheets reflect that each Plaintiff continued regularly working more than forty (40) hours per work week.

4.27     Although Defendant required Plaintiffs to work more than forty (40) hours per work week, Defendant did not compensate Plaintiffs at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, Defendant did not compensate Plaintiffs for overtime hours at the appropriate rate.

4.28     Instead, Plaintiff was paid a flat daily rate for each day worked, with no overtime premium for hours worked over 40.

4.29     By way of example only, during the pay period of October 1, 2017 to October 31, 2017, Plaintiff Huerta worked 24 days.  This is reflected in Ms. Huerta's Earning Statement for that pay period. Ms. Huerta worked greater than forty (40) hours per work week during this pay period. Ms. Huerta's Earning Statement for that pay period reflects that Defendant did not compensate Ms. Huerta at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  Instead, for her overtime hours, Air Resources paid Ms. Huerta a $365 daily rate.

4.30     No FLSA exemption applies to Plaintiff and FLSA Class Members.

4.31     Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

4.32     Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Accordingly, Defendant's violations of the FLSA were willful.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees similarly situated to Plaintiffs were not paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.3     During the relevant period, Air Resources has placed at least 25 non-exempt employees to perform work at various projects.

5.4     During the relevant period, Air Resources has placed at least 50 non-exempt employees to perform work at various projects.

5.5     During the relevant period, Air Resources has placed at least 100 non-exempt employees to perform work at various projects.

5.6     Such workers worked more than forty (40) hours per work week during at least one week in the last three years.

5.7     Like Plaintiffs, such workers were not paid overtime for all hours worked in excess of forty (40) per work week.

5.8     Like Plaintiffs, such workers perform or have performed responsibilities that do not fall under any applicable exemption.

5.9     Such workers are not exempt from receiving overtime pay under the FLSA.

5.10    As such, such workers are similar to Plaintiffs in terms of pay structure and/or the denial of overtime pay.

5.11    These other similarly situated employees are being denied and have been denied their lawful wages.  Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of Plaintiffs and those similarly situated.

5.12 This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. §216(b). Specifically, this action is brought on behalf of two separate classes: the Hourly Rate Class Members and Daily Rate Class Members, both of which are defined in the Summary of the Complaint.

5.13 Plaintiffs bring these claims on their own behalf and on behalf of all other similarly situated non-exempt employees, who were, are or will be employed by Defendant nationwide during the period of three years prior to the commencement of this action through the date of judgment of this action, who have not been paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.14 The specific job titles or precise job responsibilities of each similarly situated employee does not prevent collective treatment.

5.15 All similarly situated employees, irrespective of their particular job requirements, are entitled to overtime compensation for all hours worked in excess of forty (40) during a work week.

5.16 Plaintiffs request that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.17 Plaintiffs seek equitable tolling to protect the rights of those similarly situated.

5.18 Plaintiffs seek to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.19 Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.20    Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated. Plaintiffs have retained counsel competent and experienced in complex wage and hour matters and collective actions.

### VI.  VIOLATIONS OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2    Plaintiffs and all others similarly situated are non-exempt employees employed by Defendant.

6.3    Plaintiffs and all others similarly situated are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.4    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per work week.

6.5    Defendant has not made a good faith effort to comply with the FLSA.

6.6    No exemption excused Defendant from paying Plaintiffs and all others similarly situated, overtime pay for all of the hours worked over forty (40) per work week.

6.7    Rather, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiffs and to all other similarly situated employees.

6.8    Plaintiffs and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b),

along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE Plaintiffs and all those similarly situated to them who have or will opt into this action, respectfully prays that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiffs and all others who opt-in to this action recover the following:

   a. damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

   b. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

   c. all applicable penalties for the violations set forth herein;

   d. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

   e. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

   g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ *Galvin B. Kennedy*
Galvin B. Kennedy
gkennedy@kennedyhodges.com
Texas Bar No. 00796870
Federal ID 20791
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**LEAD ATTORNEY- IN- CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS**

**ATTORNEYS FOR PLAINTIFFS**